## Albright's Estate.

*Decedents' estates — Executors and administrators — Commissions—Cash assets.*

A 5 per cent. commission to an administrator on cash assets is excessive. A commission of 2½ per cent. is a proper allowance for responsibility in all cases, with an additional percentage to be measured by the labor and trouble involved in the settlement of the estate.

Audit of the account of Daniel H. and Henry H. Albright, administrators. O. C. Berks Co., Dec. T., 1920, No. 28.

*Wilson H. Rothermel*, for accountants; *Edward D. Trexler*, for exceptant.

*S. H. Hoverter* and *Paul H. Price*, for claimants.

SCHAEFFER, P. J., Jan. 8, 1921.—The accountants' compensation excepted to amounts in the aggregate to $1573.18. Of this sum, $157.95 represents 3 per cent. of the amount realized from sale of real estate; $53.68, 5 per cent. charged on collections of personal income, and the balance, slightly less than 5 per cent., charged on principal personal assets. We are not disposed to disturb the first two items. For the care and responsibility involved in the sale of real estate accountants are entitled to compensation, and we are of the opinion that the charge here is not excessive. The same observation may be made of the charge for collecting and accounting for the personal income.

But in the principal personal account, the commissions charged may, for an estate of this size and character, be a little high. The total personal assets were close to $30,000. The services performed, as disclosed by the testimony, were, at least, such as is ordinarily required in an estate of this size and character, and were performed with fidelity. In fact, the work was somewhat greater than is ordinarily required in such an estate where no litigation is resorted to. Accountants not only showed much care and attention to their duties in collecting assets, but were persevering and painstaking in their efforts. For such services 5 per cent. on the proceeds of personal property up to $50,000 has been approved in Davis's Estate, 28 Dist. R. 535.

In this estate, however, it appears that about $11,000 never underwent conversion, and was in fact, at the time of decedent's death, cash on deposit in bank. Outside the responsibility of keeping it intact and accounting for it, therefore, this portion of the estate required no labor. With respect to such assets, the Supreme Court, in Gongaware's Estate, 265 Pa. 512,

Albright's Estate.

held that commissions of 5 per cent. were properly refused. But we do not understand the court to mean that all compensation on liquid assets should be refused. We understand simply that in such cases 5 per cent. is excessive, for Stevenson's Estate, 4 Wharton, 98, seems to lay down the general rule that 2½ per cent. is a proper allowance for responsibility in all cases. Consequently, we gather the rule to be 2½ per cent. commissions for responsibility in all cases, and an additional percentage to be measured by the labor and trouble involved in the settlement of a given estate; and applying that rule to this case, we think accountants will be adequately compensated by an allowance of $1100 out of the personal estate. The excess over that compensation, for which accountants have taken credit in the principal personal account, or $263.55, will, therefore, be the subject of a surcharge.

From Wellington M. Bertolet, Reading, Pa.